William C. Hecht, Jr., J.
The issue in this article 78 proceeding, instituted by a representative of the tenants of the affected rent-controlled premises, is the propriety of the ruling of the respondent, City Rent and Rehabilitation Administrator, allowing the application of the intervenor-respondent on behalf of the landlord for a “ hardship ” or “fair return ” rent increase, despite landlord’s ownership of the premises for less than two years. Petitioner argues that such an allowance is proscribed by section Y51-5.0 (subd. g, par. [2], subpar. [ii]) of the Administrative Code of the City of New York (Local *621 Laws, 1962, No. 20, City Bent Law), which provides, insofar as here pertinent:
“ (2) An application for an increase in any maximum rent under this subparagraph (a) may not be filed with respect to any property if, on the date when the application is sought to be filed: * * *
‘ ‘ (ii) Less than two years have elapsed since the last sale of the property occurring before or after May first, nineteen hundred sixty-two, and the application is based on a sale price in excess of the assessed valuation. ’ ’ Respondent heretofore promulgated section 33.5 (subd. c, par. [1]) of the Rent, Eviction and Rehabilitation Regulations purportedly in implementation of the aforesaid ordinance, which provides, insofar as here pertinent.
“ c. No application for an increase in any maximum rent under this section may be filed with respect to any property if, on the date when the application is sought to be filed:
“ (1) Less than two years has elapsed since the last sale of the property, and the application is based on a sale within such two-year period at a price in excess of the assessed valuation ”.
Administrative Code:(§ Y51-5.0, subd. g, par. [2], subpar. [i]) is also pertinent, insofar as it provides that
“ (2) An application for an increase in any maximum rent * * * may not be filed with respect to any property if, on the date when the application is sought to be filed:
“ (i) Less than two years have elapsed since the date of the filing of the last prior application for an increase with respect to such property * * * which application resulted in the granting of an increase ”.
The application at issue was filed August 17, 1966, 10 months after landlord acquired the premises in November, 1965, for $1,515,000, and, in its application, landlord sought the increase based upon the purchase price paid by its predecessor in interest, in March, 1961, of $1,350,000. That predecessor had obtained a “ hardship ” or “ fair return ” increase in March, 1964, in a proceeding in which the $1,350,000 purchase price, modified to $1,348,765, had been accepted as the fair value of the property and a proper sales price in excess of the assessed valuation.
Thus, the arguments herein are devoted to whether the ordinance or regulation permits a landlord to obtain a “ hardship ” increase less than two years after he acquires the property, where the landlord uses as the value of the property a purchase price paid more than two years previously, at least where .the price used in the application is less than the price later paid by landlord.
*622 Petitioner argues that such, an increase may not be afforded, for, in tbe language of tbe code, at tbe time tbe application was filed, “ Less than two years have elapsed since tbe last sale of tbe property * * * and tbe application is based upon a sale price in excess of tbe assessed valuation.” Respondent asserts that tbe application was properly filed, under tbe regulation, for while less than that two-year period elapsed, tbe second condition of the prohibition in the regulation was not met, i.e., tbe application was not ‘‘ based on a sale within such two-year period at a price in excess of tbe assessed valuation.” Respondent further argues that its regulation is consistent with the intent of tbe statute — tbe baiting of tbe practice of buying “hardship ” increases, at constantly upward spiraling purchase prices. (See I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, 270; Matter of Colton v. Berman, 21 U Y 2d 322; Report of tbe Special Committee to Study tbe Emergency Housing Rent Control Law [“ Gaynor Committee”! contained in McKinney’s Session Laws, 1961, pp. 1985, 1989, as adopted by tbe Temporary State Commission to Study Rents and Rental Conditions, ibid., p. 1978; see, also, Report of Committee on General Welfare of the City Council of Hew York City (1961!.)
It is clear that in dealing with this statute, it is not the rule that tbe “literal meanings of words are to be adhered to or suffered to defeat tbe general purpose and manifest policy intended to be promoted ” (Matter of Capone v. Weaver, 6 N Y 2d 307, 309; see, also, Matter of Chatlos v. McColdrick, 302 N. Y. 380); and tbe statutory interpretations of respondent, as contained in regulations duly promulgated, are to be given great weight. (Hotel Armstrong v. Temporary State Housing Rent Comm., 11 A D 2d 395.)
While it is tbe manifest public policy to prevent unjustified increases of rents in this time of bousing shortage, it is equally tbe public concern to encourage and promote tbe improvement and rehabilitation of bousing accommodations subject to rent control.
Under circumstances such as in tbe instant case, the practice of buying any hardship increases will not be encouraged if tbe order is allowed to stand, for landlord admittedly paid a higher price for tbe premises than that urged as tbe basis for tbe increase.
Under these circumstances, this court finds that petitioner has not sustained its burden of proving that respondent acted improperly, so as to warrant tbe overturn of respondent’s determination.
Petition is denied and dismissed.